UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60412-CIV-HUCK/BANDSTRA

JULIE FITZPATRICK, on Behalf of
Herself and All Others Similarly Situated,

    Plaintiff,

v.

GENERAL MILLS, INC. and YOPLAIT
USA, INC.

    Defendants.
_____/

## ORDER REGARDING CLASS DEFINITION

THIS MATTER is before the Court following the mandate issued by the Eleventh Circuit Court of Appeals on June 30, 2011. On interlocutory appeal from this Court's January 11, 2010 grant of class certification,[1] the Eleventh Circuit found that this Court's analysis in its Order on Motion for Class Certification was "sound and in accord with federal and state law" and that the reasoning reflected in the Order was "well within the parameters of Rule 23's requirements for certification of a class." *Fitzpatrick v. Gen. Mills., Inc.*, 635 F.3d 1279, 1283 (11th Cir. 2011). The Eleventh Circuit, however, determined that the way in which this Court ultimately defined the class—as "all persons who purchased Yo-Plus in the State of Florida to obtain its claimed digestive health benefit"—was in conflict with its analysis. The Eleventh Circuit found that this Court "repeatedly stated that a plaintiff need not prove reliance on the allegedly false statement to recover damages under FDUTPA" but then limited the class definition to "those who purchased YoPlus 'to obtain its claimed digestive health benefit,' which takes into account individual reliance on the digestive health claims." *Id.* The appellate court concluded that "[h]ad the district court defined the class in a manner which did not take individual reliance into account, such would be consistent

---

[1] This Court granted class certification as to Plaintiff's claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA), Fla. Stat. § 501.201 *et seq.*, but denied class certification as to Plaintiff's breach of warranty claim. *See* Order on Motion for Class Certification (D.E. #97).

with the district court's earlier analysis." *Id.* Accordingly, the Eleventh Circuit vacated this Court's Order and remanded the case for further consideration. *Id.*

The parties have subsequently briefed the issue of class definition following the Eleventh Circuit's mandate. The Court has reviewed the parties' submissions, the documents and cases cited in support thereof, and is otherwise duly advised. Accordingly, it is hereby

ORDERED that the Court redefines the class as "all persons who purchased Yo-Plus in the State of Florida until the date notice is first provided to the class." Such definition is consistent with the Eleventh Circuit's opinion in this case.[2] It also consistent with *Johnson v. General Mills, Inc.*, 275 F.R.D. 282 (C.D. Cal. 2011), a recent and relevant decision upon which Plaintiff relies in her briefing. All other aspects of the January 11, 2010 Order on Motion for Class Certification remain unchanged and are adopted by reference herein. This case will proceed with a certified class as redefined above.

DONE and ORDERED in Chambers, Miami, Florida, December 2, 2011.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All Counsel of Record

---

[2] The Eleventh Circuit noted that this Court's analysis in its Order on Class Certification "would lead one to believe that the class would be defined as 'all persons who purchased YoPlus in the State of Florida.'" *Id.* at 1283 n.1.