# EXHIBIT C

1　ROBBINS GELLER RUDMAN
　　& DOWD LLP
2　CULLIN A. O'BRIEN
　　STUART A. DAVIDSON
3　MARK J. DEARMAN
　　120 East Palmetto Park Road, Suite 500
4　Boca Raton, FL  33432
　　Telephone:  561/750-3000
5　561/750-3364 (fax)
　　cobrien@rgrdlaw.com
6　sdavidson@rdrdlaw.com
　　mdearman@rgrdlaw.com
7
　　BLOOD HURST & O'REARDON, LLP
8　THOMAS J. O'REARDON II (247952)
　　701 B Street, Suite 1700
9　San Diego, CA  92101
　　Telephone: 619/338-1100
10　619/338-1101 (fax)toreardon@bholaw.com

11
　　Rule 23(g) Appointed Counsel for Plaintiff
12　and the Class

13

14　　　　　　　**UNITED STATES DISTRICT COURT**

15　　　　　　　**CENTRAL DISTRICT OF CALIFORNIA**

16　　　　　　　　　　**SOUTHERN DIVISION**

17　JEREMIAH JOHNSON, on Behalf of　　Case No.:　8:10-CV-00061-CJC(ANx)
　　Himself and All Others Similarly Situated,
18　　　　　　　　　　　　　　　　　　　CLASS ACTION
　　　　　　　　　Plaintiff,
19　　　　　　　　　　　　　　　　　　　**STIPULATION OF SETTLEMENT**
　　　　　　v.
20
　　GENERAL MILLS, INC. and YOPLAIT　Judge:　　　Hon. Cormac J. Carney
21　USA, INC.,　　　　　　　　　　　　　Courtroom:　9B

22　　　　　　　　Defendants.　　　　　　Date Filed:　01/14/2010
　　　　　　　　　　　　　　　　　　　Trial Date:　TBD
23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2
**PAGE NO.**

3
I.    RECITALS...........................................................................................................1

II.   DEFINITIONS .....................................................................................................2

4

5
III.  CERTIFICATION OF THE SETTLEMENT CLASS AND
      FILING OF THE AMENDED COMPLAINT .......................................................7

6
IV.   SETTLEMENT RELIEF .......................................................................................8

7
V.    CLAIM FORM SUBMISSION AND REVIEW .....................................................9

8
VI.   RETENTION OF THE SETTLEMENT ADMINISTRATOR ................................10

9
VII.  NOTICE TO THE SETTLEMENT CLASS..........................................................11

10
VIII. OBJECTIONS, REQUESTS FOR EXCLUSION, and MEDIA
      COMMUNICATIONS..........................................................................................13

11

12
IX.   RELEASES ........................................................................................................16

X.    ATTORNEYS' FEES AND EXPENSES AND PLAINTIFF
      SERVICE AWARDS...........................................................................................18

13

14
XI.   FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT ........................19

15
XII.  REPRESENTATIONS AND WARRANTIES........................................................19

16
XIII. NO ADMISSIONS, NO USE ..............................................................................20

17
XIV.  TERMINATION OF THIS AGREEMENT ...........................................................20

18
XV.   MISCELLANEOUS PROVISIONS .....................................................................21

19

20

21

22

23

24

25

26

27

28

**TABLE OF EXHIBITS**

**Document**                                                                    **Exhibit Number**

Final Judgment and Order Approving Settlement ............................................................. 1

Claim Form ....................................................................................................................... 2

Claims Protocol ................................................................................................................ 3

Long-form Notice.............................................................................................................. 4

Short-form Notice ............................................................................................................. 5

Class Notice Plan ............................................................................................................. 6

Preliminary Approval Order ............................................................................................. 7

## I.    RECITALS

A.    This Stipulation of Settlement is entered into by and among Plaintiff Jeremiah Johnson ("Plaintiff"), on behalf of himself and the Settlement Class Members, and Defendants, and resolves in full this Action and the Other Actions.  Capitalized terms used herein are defined in Section II of this Agreement or indicated in parentheses elsewhere in this Agreement.  Subject to Court approval as required by the applicable Federal Rules of Civil Procedure, and as provided herein, the Parties hereby stipulate and agree that, in consideration for the promises and covenants set forth in the Agreement and upon the entry by the Court of a Final Judgment and Order Approving Settlement and the occurrence of the Effective Date, this Action and the Other Actions shall be settled and compromised upon the terms and conditions contained herein.

B.    WHEREAS, on January 14, 2010, Plaintiff filed a class action complaint against General Mills in the United States District Court for the Central District of California captioned *Jeremiah Johnson v. General Mills, Inc. et al.,* case no. SACV-10-00061-JVS (ANx) ("*Johnson*"), on behalf of himself and all other consumers who purchased YoPlus® branded products; and

C.    WHEREAS, three other consumer class action cases arising out of the same facts and circumstances as alleged in *Johnson* were also filed in district courts in Florida, New Jersey and Ohio; and

D.    WHEREAS, counsel for all Parties have reached the resolution set forth in this Agreement, providing for, among other things, the settlement of the Action between and among Plaintiff, on behalf of himself and the Settlement Class, and General Mills, on the terms and subject to the conditions set forth below; and

E.    WHEREAS, the Parties agree that throughout the course of the litigation, all parties and their counsel complied with the provisions of Federal Rule of Civil Procedure 11; and

F.    WHEREAS, Class Counsel have determined that a settlement of the Action and the Other Actions on the terms reflected in this Agreement is fair, reasonable, adequate, and in

1   the best interests of Plaintiff and the Settlement Class; and

2        G.    WHEREAS, General Mills, to avoid the costs, disruption and distraction of

3   further litigation, and without admitting the truth of any allegations made in the Action or the

4   Other Actions, or any liability with respect thereto, has concluded that it is desirable that the

5   claims against it be settled and dismissed on the terms reflected in this Agreement;

6        H.    NOW, THEREFORE, this Agreement is entered into by and among the Parties,

7   by and through their respective counsel and representatives, and the Parties agree that: (1)

8   upon the Effective Date, the Action and all Released Claims shall be settled and compromised

9   as between Plaintiff and the Settlement Class on the one hand, and General Mills on the other

10   hand; (2) upon final approval of the Agreement the Final Judgment and Order Approving

11   Settlement, substantially in the form attached as Exhibit 1 hereto, shall be entered dismissing

12   the Action with prejudice and releasing all Released Claims against the Released Parties, on

13   the following terms and conditions; and (3) all necessary steps shall be taken to secure the

14   dismissal of the Other Actions with prejudice.

15   **II.   DEFINITIONS**

16        A.    As used in this Agreement and the attached exhibits (which are an integral part

17   of the Agreement and are incorporated in their entirety by reference) the following terms shall

18   have the meanings set forth below, unless this Agreement specifically provides otherwise:

19        1.    "Action" means *Johnson, et al. v. General Mills,* Case No. SACV-10-

20   00061-JVS(ANx) (C.D. Cal.).

21        2.    "Agreement" means this Stipulation of Settlement (including all

22   Exhibits attached hereto).

23        3.    "Attorneys' Fees and Expenses" means such funds as may be awarded

24   by the Court based on the stipulation described herein to compensate Class Counsel and all

25   other Plaintiffs' Counsel as determined by the Court, as described more particularly in Section

26   X of this Agreement.

27        4.    "Authorized Claimant" means any Settlement Class Member who

28   submits a valid Claim Form.

5. "Award" means the relief obtained by Settlement Class Members pursuant to Section IV of this Agreement.

6. "Claim" means a request for relief submitted by a Settlement Class Member on a Claim Form submitted to the Settlement Administrator in accordance with the terms of the Agreement.

7. "Claim Form" means the form to be used by a Settlement Class Member to submit a Claim to the Settlement Administrator. The proposed Claim Form is subject to Court approval and attached hereto as Exhibit 2.

8. "Claims Deadline" means the date by which all Claim Forms must be postmarked or submitted online to the Settlement Administrator to be considered timely. The Claims Deadline shall be stated in the Class Notice, the Settlement Website, and in the Claim Form, and shall be no later than 60 days after the date first set by the Court for the Final Approval Hearing.

9. "Claims Protocol" means the protocol for reviewing and approving claims, attached as Exhibit 3.

10. "Class Notice" or "Notice" means the forms of notice to be disseminated to Settlement Class Members informing them about the settlement Agreement. Copies of each of the proposed Notices are attached respectively as Exhibits 4 ("Long-form Notice") and 5 ("Short-form Notice").

11. "Class Representative" means plaintiff Jeremiah Johnson.

12. "Class Counsel" means Cullin A. O'Brien of Robbins Geller Rudman & Dowd LLP, and Thomas J. O'Reardon II of Blood Hurst & O'Reardon, LLP.

13. "Court" means the United States District Court for the Central District of California, the Honorable Cormac J. Carney presiding.

14. "Defendants" and "General Mills" mean, collectively, General Mills, Inc. and Yoplait USA, Inc.

15. "Effective Date" means the later in time of: (a) the date of entry of the Final Judgment and Order Approving Settlement, if no timely motions for reconsideration

3

STIPULATION OF SETTLEMENT

No. 8:10-CV-00061-CJC(ANx)

1   and/or no appeals or other efforts to obtain review have been filed; or (b) in the event that an

2   appeal or other effort to obtain review has been initiated, the date after such appeal or other

3   review has been finally concluded and is no longer subject to review, whether by appeal,

4   petitions for rehearing, petitions for rehearing en banc, petitions for writ of certiorari, or

5   otherwise.

6         16.   "Eligible Claims" means claims submitted by Authorized Claimants

7   against the Settlement Fund.

8         17.   "Escrow Agent" means the escrow agent agreed upon by the parties and

9   approved by the Court to hold funds pursuant to the terms of this Agreement.

10        18.   "Final Approval Hearing" means the hearing to be conducted by the

11  Court on such date as the Court may order to determine the fairness, adequacy, and

12  reasonableness of the Agreement.

13        19.   "Final Judgment and Order Approving Settlement" means the Final

14  Judgment and Order Approving Settlement to be entered by the Court, substantially in the

15  form of Exhibit 1 approving the settlement, as fair, adequate, and reasonable, confirming the

16  certification of the Settlement Class, and issuing such other findings and determinations as the

17  Court and/or the Parties deem necessary and appropriate to implement the Settlement

18  Agreement.

19        20.   "General Mills' Counsel" means the following counsel of record for

20  Defendants:  Jerry W. Blackwell and Benjamin W. Hulse of Blackwell Burke P.A.

21        21.   "Motion for Preliminary Approval of Settlement" means the motion, to

22  be filed by jointly by the Parties, for Preliminary Approval of this Agreement.

23        22.   "Notice and Claim Administration Expenses" means all costs and

24  expenses incurred by the Settlement Administrator, including all notice expenses, the cost of

25  administering the Notice Program and the costs of processing all Claims made by Settlement

26  Class Members.

27        23.   "Notice Date" means the date by which the Settlement Administrator

28  substantially completes dissemination of the Class as provided in the Agreement and shall be

1    no later than 60 days after the Court enters an order granting Preliminary Approval of this

2    Settlement.

3           24.    "Objection Date" means the date by which Settlement Class Members

4    must file and serve objections to the settlement and shall be no later than 30 days before the

5    date first set for the Final Approval Hearing.

6           25.    "Opt Out Date" means the postmark date by which a Request for

7    Exclusion must be submitted to the Settlement Administrator in order for a Settlement Class

8    Member to be excluded from the Settlement Class, and shall be no later than 30 days before

9    the date first set for the Final Approval Hearing.

10          26.    "Other Actions" means *Julie Fitzpatrick v. General Mills, Inc. &*

11   *Yoplait USA, Inc.*, United States District Court for the Southern District of Florida, Miami

12   Division, Case No. 09-60412-CIV-HUCK/BANDSTRA; *Nipul S Amin v. General Mills, Inc.*

13   *& Yoplait USA, Inc.*, United States District Court of New Jersey, Case No. 2:10-CV-00305-

14   FSH(PS); and *Melissa Brock v. General Mills, Inc. & Yoplait USA, Inc.*, United States District

15   Court for the Northern District of Ohio, Eastern Division, Case No. 1:10-CV-00060.

16          27.    "Other Plaintiffs" means the plaintiffs in the Other Actions as of the

17   date of execution of this Stipulation.

18          28.    "Parties" means Plaintiff and Defendants.

19          29.    "Plaintiff" means Jeremiah Johnson.

20          30.    "Plaintiffs' Counsel" means the following counsel of record: Robbins

21   Geller Rudman & Dowd LLP; Blood Hurst & O'Reardon, LLP; Law Offices of Cameron J.

22   Gharabiklou; Shepherd Finkelman Miller & Shah, LLP; Wilcox, Peca, Tarantino & Garofoli

23   Co., LPA; Balkan & Patterson, LLP; Piscitelli Law Firm; Gilman and Pastor, LLP; Emerson

24   Poynter, LLP; and Saxena White P.A.

25          31.    "Preliminary Approval Order" means the order to be entered by the

26   Court, substantially in the form of Exhibit 7, preliminarily approving the Settlement, certifying

27   the Settlement Class, setting the date of the Final Approval Hearing, approving the Notice

28   Program, Class Notice, and Claim Form, and setting the Opt Out Date, Objection Date, and

1    Notice Date.

2        32.    "Proof of Purchase" means documentation or other evidence reasonably

3    establishing the purchase of YoPlus, as the Settlement Administrator may determine in

4    accordance with the Claims Protocol.

5        33.    "Released Claims" and "Released Parties" mean those claims and

6    parties released of liability under Section IX.

7        34.    "Request for Exclusion" means the written communication that must be

8    submitted to the Settlement Administrator and postmarked on or before the Opt Out Date by a

9    Settlement Class Member who wishes to be excluded from the Settlement Class.

10       35.    "Residual Settlement Amount" means any amount remaining in the

11   Settlement Fund after payment of Notice and Claim Administration Expenses, necessary taxes

12   and tax expenses, the Fee and Expense Award and Eligible Claims.

13       36.    "Settlement Administrator" means the entity(ies) retained by the Parties

14   and approved by the Court to design and implement the program for disseminating Notice to

15   the Class, administer the claims portion of this settlement, and perform overall administrative

16   functions.

17       37.    "Settlement Class" and "Settlement Class Member(s)" each means all

18   persons who purchased YoPlus® branded products in the United States from July 26, 2007 to

19   July 5, 2012.   Excluded from the Settlement Class are:  (i) those who purchased for the

20   YoPlus® branded products for the purpose of resale; (ii) those with claims for personal

21   injuries arising from the ingestion of one or more YoPlus® branded products; (iii) Defendants

22   and their officers, directors and employees; (iv) any person who files a valid and timely

23   Request for Exclusion; and (v) the Judges to whom this Action and the Other Actions are

24   assigned and any members of their immediate families.

25       38.    "Settlement Fund" means the amount of $8.5 million.

26       39.    "Settlement Website" means the Internet website to be established for

27   this settlement by the Settlement Administrator to provide information to the public and the

28   Settlement Class about this Agreement and to permit Settlement Class Members to submit

00055342

6

STIPULATION OF SETTLEMENT

No. 8:10-CV-00061-CJC(ANx)

1    Claims online.

2        40.    "YoPlus Unit" means a single package of YoPlus as sold at retail.

3    Most commonly, a YoPlus Unit will be a package with four containers of YoPlus.

4        B.    Other capitalized terms in this Agreement but not defined in Section II.A. shall

5    have the meanings ascribed to them elsewhere in this Agreement.

6    **III.    CERTIFICATION OF THE SETTLEMENT CLASS AND FILING OF THE
         AMENDED COMPLAINT**

7

8        **Certification of the Settlement Class**

9        1.    This Agreement is for settlement purposes only, and neither the fact of,

10   nor any provision contained in this Agreement, nor any action taken hereunder, shall constitute

11   or be construed as an admission of:  (a) the validity of any claim or allegation by Plaintiff, or

12   of any defense asserted by General Mills, in the Action or the Other Actions; or (b) any

13   wrongdoing, fault, violation of law, or liability on the part of any Party, Released Party,

14   Settlement Class Member, or their respective counsel.

15       2.    As part of the Motion for Preliminary Approval of Settlement, Plaintiff

16   will seek certification of the Settlement Class.  General Mills hereby consents, solely for

17   purposes of the Agreement, to the certification of the Settlement Class, to the appointment of

18   Class Counsel, and to the approval of Plaintiff as a suitable representative of the Settlement

19   Class; provided, however, that if the Court fails to approve this Agreement or the Agreement

20   otherwise fails to be consummated, then General Mills shall retain all rights it had immediately

21   preceding the execution of this Agreement to object to the maintenance of the Action as a class

22   action.

23       **Filing of Amended Complaint**

24       Plaintiff shall file a Second Amended Class Action Complaint ("Second Amended

25   Complaint").

26       **Dismissal of Actions**

27       Upon final approval of the Settlement by the Court, the Final Judgment and Order

28   Approving Settlement, substantially in the form attached hereto as Exhibit 1, will be entered

1  by the Court, providing for the dismissal of this Action with prejudice and providing that, by

2  operation of law, the Other Actions are dismissed with prejudice.

3  **IV.  SETTLEMENT RELIEF**

4      **A.    Settlement Fund and Cash Payments**

5          1.    General Mills shall establish the Settlement Fund in the amount of $8.5

6  million by depositing with the Escrow Agent this amount within ten (10) court days from entry

7  of the Preliminary Approval Order.

8          2.    A Settlement Class Member is entitled to obtain $4 for each purchase of

9  a YoPlus Unit purchased during the Settlement Class Period.  To receive settlement relief,

10  each claimant must submit a valid and timely Claim Form either by mail or electronically.

11  Claimants may recover payment for more than 13 YoPlus Units by submitting a Claim Form

12  signed under penalty of perjury and providing Proof of Purchase for the YoPlus Units for

13  which payment is sought.  The actual amount paid to individual Claimants will depend upon

14  the number of valid claims made.  For each claim made for a subject purchase or purchases,

15  the Claimant must include in the Claim the number of YoPlus Units purchased.  Failure to

16  state the amount purchased will result in the payment for one (1) YoPlus Unit.  Adequate and

17  customary procedures and standards will be used by the Claims Administrator to prevent the

18  payment of fraudulent claims and to pay only legitimate claims.

19      **B.    Disbursements from the Settlement Fund**

20          1.    In accordance with the payment schedule set forth in this Agreement,

21  money from the Settlement Fund shall be applied as follows:

22              a.    First, to pay Notice and Claim Administration Expenses;

23              b.    Next, to pay any necessary taxes and tax expenses;

24              c.    Next, to pay Plaintiff's Counsel's attorneys' fees and expenses

25  in the amount awarded by the Court (the "Fee and Expense Award");

26              d.    Next, to pay the plaintiff service awards as provided in § X; and

27              e.    Then to pay Eligible Claims.

28  The Settlement Fund less the money used from the Settlement Fund to pay Notice and Claim

1   Administration Expenses, taxes and tax expenses, a the Fee and Expense Award the plaintiff

2   service awards is the "Net Settlement Fund."

3         2.    If the aggregate amount of Eligible Claims exceeds the Net Settlement

4   Fund, Eligible Claims will be reduced *pro rata*.

5         3.    In accordance with the *cy pres* doctrine, any amount remaining in the

6   Settlement Fund after payment of Notice and Claim Administration Expenses, necessary taxes

7   and tax expenses, the Fee and Expense Award, the plaintiff service awards, and Eligible

8   Claims (the "Residual Settlement Amount") shall, subject to Court approval, be paid to the

9   National Consumer Law Center (25% of this Residual Settlement Amount) and the Mayo

10   Clinic (75% of this Residual Settlement Amount) pursuant to the *cy pres* doctrine.

11   **V.    CLAIM FORM SUBMISSION AND REVIEW**

12       A.    Settlement Class Members may submit a Claim for settlement relief and the

13   Settlement Administrator shall review and process the Claim pursuant to the Claims Protocol,

14   which is attached hereto as Exhibit 3.

15       B.    Claim Forms will be distributed as part of the Notice Program as described

16   below, available for on-line submission from the Settlement Website, available for download

17   from the Settlement Website, and upon request will be mailed or emailed to Settlement Class

18   Members by the Settlement Administrator.  The Claim Form will also be available for

19   download, at their option, from Class Counsel's websites and may be submitted to the

20   Settlement Administrator by U.S. mail or other regularly maintained mail delivery service.

21       C.    The Settlement Administrator shall provide periodic updates to the Class

22   Counsel and General Mills regarding Claim Form submissions beginning not later than one

23   week before the Final Approval Hearing date and continuing on a monthly basis thereafter.

24       D.    The Settlement Administrator shall begin to pay Eligible Claims not before the

25   later in time of (i) ten (10) days after the Claims Deadline and (ii) ten (10) days after the

26   Effective Date.  The Settlement Administrator shall have completed the payment of Eligible

27   Claims by thirty (30) days after the later in time of (i) the Effective Date and (ii) the Claims

28   Deadline.

E.     All Notice and Claim Administration Expenses shall be paid from the Settlement Fund.

**VI.     RETENTION OF THE SETTLEMENT ADMINISTRATOR**

A.     Class Counsel, subject to the approval of General Mills, which approval shall not be unreasonably withheld, shall retain a Settlement Administrator to help implement the terms of the proposed Agreement. .

1.     The Settlement Administrator(s) shall assist with various administrative tasks, including, without limitation, (1) mailing or arranging for the mailing, emailing or other distribution of the Long-form Notice and Claim Forms to Settlement Class Members who so request, (2) arranging for publication of the Short-form Notice, (3) handling returned mail and email not delivered to Settlement Class Members, (4) attempting to obtain updated address information for Settlement Class Members and for any notices returned without a forwarding address or an expired forwarding address, (5) making any additional mailings required under the terms of this Agreement, (6) answering written inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee, (7) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion to the settlement, (8) establishing the Settlement Website that posts notices, Claim Forms and other related documents, (9) establishing a toll-telephone number that will provide settlement-related information to Settlement Class Members, (10) receiving and processing claims and distributing payments to Settlement Class Members, and (11) otherwise assisting with administration of the Agreement.

B.     The contract(s) with the Settlement Administrator(s) shall obligate the Administrator to abide by the following performance standards:

1.     The Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Agreement in communications with Settlement Class Members;

2.     The Administrator shall provide prompt, accurate and objective responses to inquiries from Class Counsel or their designee, General Mills and/or General

1  Mills' Counsel.

2  **VII.    NOTICE TO THE SETTLEMENT CLASS**

3      **Notice**

4          1.    No later than 60 days after the entry by the Court of an order granting

5  Preliminary Approval, the Settlement Administrator shall substantially complete the

6  dissemination of Class Notice to potential Settlement Class Members. The Parties agree that

7  notice by national publication is the best means under the circumstances of this case to effect

8  notice to the Settlement Class and that the Notice Program outlined in Exhibit 6 comports with

9  the requirements of due process. Notice shall be disseminated pursuant to the Notice Program

10  set forth in Exhibit 6 on or before the Notice Date. Copies of the proposed forms of Class

11  Notice and the Notice Program are attached as Exhibits 3, 4 and 6.

12          2.    At or prior to the Final Approval Hearing, the Settlement Administrator

13  shall provide the Court with an affidavit attesting that Notice was disseminated pursuant to the

14  Notice Program set forth below.

15      **Notice Program**

16      **Long-form Notice**

17      The Class Notice delivered to Settlement Class Members shall be in substantially the

18  form of Exhibit 4, attached hereto. At a minimum, the Long-form Notice shall: (a) include a

19  short, plain statement of the background of the Action and the proposed Agreement; (b)

20  describe the proposed settlement relief as set forth in this Agreement; (c) inform Settlement

21  Class Members that, if they do not exclude themselves from the Settlement Class, they may be

22  eligible to receive relief; (d) describe the procedures for participating in the settlement

23  including all applicable deadlines and advise Settlement Class Members of their rights,

24  including their right to submit a Claim to receive an Award under the Agreement by

25  submitting the enclosed Claim Form; (e) explain the scope of the Release; (f) state that any

26  Award to Settlement Class Members under the Agreement is contingent on the Court's final

27  approval of the Agreement; (g) state the identity of Class Counsel and the amount sought in

28  attorneys' fees and expenses; (h) explain the procedures for opting out of the Settlement Class

1    including the applicable deadline for opting out; (i) explain the procedures for objecting to the

2    Agreement including the applicable deadline; and (j) explain that any judgment or orders

3    entered in the Action or the Other Actions, whether favorable or unfavorable to the Settlement

4    Class shall include and be binding on all Settlement Class Members who have not been

5    excluded, even if they have objected to the proposed Agreement and even if they have another

6    claim, lawsuit or proceeding pending against General Mills.

7    **Short-form Notice**

8    The Settlement Administrator shall cause to be published in accordance with the terms

9    set forth below, a short form of the Class Notice. The Short-form Notice shall be in

10    substantially the form attached hereto as Exhibit 5 and shall at a minimum, include the web

11    address of the Settlement Website and a telephone number for the Settlement Administrator,

12    the class definition, a brief description of relief available to the Settlement Class Members and

13    the right to object and/or opt-out of the Class and the deadlines to exercise these rights.

14    **Dissemination of the Class Notice**

15    1.    Publication Notice: No later than 60 days after the entry by the Court of

16    an order granting Preliminary Approval, the Settlement Administrator shall substantially

17    complete the dissemination of the Short-form Notice, which shall be published in accordance

18    with the Notice Plan set forth in Exhibit 6. As set forth in Exhibit 6, publication will include

19    print and online media.

20    2.    Posting of the Notice: No later than 10 days from an Order of

21    Preliminary Approval, the Settlement Administrator will post the Long-form Notice and Claim

22    Form on the Settlement Website. The Long-form Notice and Claim Form shall remain

23    available by these means until the Effective Date. The Long-form Notice and/or the Short-

24    form Notice and the Claim Form may also be posted on the websites of Class Counsel at their

25    option.

26    3.    Upon Request: The Long-form Notice and the Claim Form shall also be

27    sent via electronic mail or regular mail to Settlement Class Members who so request.

28

## VIII. OBJECTIONS, REQUESTS FOR EXCLUSION, AND MEDIA COMMUNICATIONS

### Objections

1.    Any Settlement Class Member who intends to object to the fairness of the Settlement must do so in writing no later than the Objection Date.  The written objection must be filed with the Court and served on the Class Counsel identified in the Notice and General Mills' Counsel no later than the Objection Date.  The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel; (c) a statement that the objector purchased YoPlus during the class period; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; and (g) the objector's signature.

2.    Any Settlement Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including attorneys' fees.  Settlement Class Members or their attorneys who intend to make an appearance at the Final Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Notice and to General Mills' counsel, and file the notice of appearance with the Court, no later than twenty (20) days before the Final Approval Hearing, or as the Court may otherwise direct.

3.    Any Settlement Class Member who fails to comply with the provisions of Section V.III.A above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

**Requests for Exclusion**

1.     Any member of the Settlement Class may request to be excluded from the Settlement Class.  A Settlement Class Member who wishes to opt out of the Settlement Class must do so no later than Opt Out Date.  In order to opt out, a Settlement Class Member must send to the Settlement Administrator a written Request for Exclusion that is post-marked no later than the Opt Out Date.  The Request for Exclusion must be personally signed by the Settlement Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Settlement Class.

2.     Any Settlement Class Member who does not file a timely written Request for Exclusion shall be bound by all subsequent proceedings, orders and the Final Judgment and Order Approving Settlement in this Action, even if he or she has pending, or subsequently initiates, litigation, arbitration or any other proceeding against Defendants relating to the Released Claims.

3.     Any Settlement Class Member who properly requests to be excluded from the Settlement Class shall not:  (a) be bound by any orders or judgments entered in the Action or the Other Actions relating to the Agreement; (b) be entitled to an Award from the Settlement Fund, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Agreement.

4.     The Settlement Administrator shall provide Class Counsel and General Mills' Counsel with a final list of all timely Requests for Exclusion within five (5) business days after the Opt Out Date.  Plaintiff shall file the final list of all timely Requests for Exclusion prior to or at the Final Approval Hearing.

5.     Notwithstanding anything else in this Agreement, General Mills may, in its sole discretion, unilaterally withdraw from and terminate this Agreement no later than ten (10) days prior to the Final Approval Hearing if those Persons who elect to exclude themselves from the Class number more than 5,000.

**Media Communications**

1.  Following the issuance of an order preliminarily approving this Agreement and providing for dissemination of the Class Notice, the Parties agree that they may issue a joint press release, the content of which must first be agreed by Defendants and Class Counsel.  Defendants and Class Counsel may post the joint press release on Defendants' website and Class Counsel's websites, if they so choose.

2.  The Parties agree that representatives of Blood Hurst & O'Reardon, LLP and Robbins Geller Rudman & Dowd LLP are the sole people authorized to respond on behalf of Plaintiff, Other Plaintiffs, and Plaintiffs' Counsel to media inquiries or requests for comments with respect to the Settlement or the underlying subject matter.  Plaintiffs' Counsel will refer all such inquiries or requests to Blood Hurst & O'Reardon, LLP and Robbins Geller Rudman & Dowd LLP.  Blood Hurst & O'Reardon, LLP and Robbins Geller Rudman & Dowd LLP will consult with General Mills' Counsel and General Mills' Counsel will consult with Blood Hurst & O'Reardon, LLP and Robbins Geller Rudman & Dowd LLP about the content of any such proposed response and they will reach an agreement with respect to the same, which agreement shall be consistent with the content and purposes of this stipulation and the proposed Settlement.

3.  Nothing herein will prohibit Blood Hurst & O'Reardon, LLP, Robbins Geller Rudman & Dowd LLP or General Mills' Counsel from responding to routine questions about the Settlement, the Action and the Other Actions so as to permit timely responses to media inquiries consistent with the language of the joint press release or any agreements or agreed announcements.

4.  Defendants and Plaintiffs' Counsel agree that Blood Hurst & O'Reardon, LLP and Robbins Geller Rudman & Dowd LLP, on behalf of Plaintiff, Other Plaintiffs, and Plaintiffs' Counsel, on the one hand, and Defendants or General Mills' Counsel, on the other hand, may issue public statements or announcements concerning the pending Action and Other Actions and the Agreement, including but not limited to statements regarding positions taken by the Parties in the Action and Other Actions and Agreement, to the

1  extent they deem necessary and appropriate, provided those statements or comments are
2  consistent with the joint press release or any agreements or agreed announcements.

3          5.      It is the intent of the Parties to provide useful information about the
4  Settlement and to provide reasonably neutral descriptions about the Action and Other Actions,
5  while not making inflammatory statements. Except as expressly permitted by § VIII, the
6  Parties will not make any public statements about the Agreement or any of the allegations or
7  claims made in the Action or Other Actions.

8  **IX.    RELEASES**

9          A.      The Agreement shall be the sole and exclusive remedy for any and all Released
10  Claims of all Releasing Parties against all Released Parties.  No Released Party shall be
11  subject to liability of any kind to any Releasing Party with respect to any Released Claim.
12  Upon the Effective Date, and subject to fulfillment of all of the terms of this Agreement, each
13  and every Releasing Party shall be permanently barred and enjoined from initiating, asserting
14  and/or prosecuting any Released Claim against any Released Party in any court or any forum.

15          B.      The following terms have the meanings set forth herein:

16          1.      "Released Claims" means any and all actions, claims, demands, rights,
17  suits, and causes of action of whatever kind or nature against the Released Persons, including
18  damages, costs, expenses, penalties, and attorneys' fees, known or unknown, suspected or
19  unsuspected, in law or equity arising out of or relating to statements concerning claims made
20  by the Released Person in connection with the Released Persons' advertising, marketing,
21  packaging, promotion, sale and distribution of YoPlus® branded products, which have been
22  asserted or which could reasonably have been asserted by the Releasing Parties in the Action
23  or the Other Actions, including but not limited to claims alleging any type of fraud,
24  misrepresentation, breach of warranty, unjust enrichment or unfair trade practice under any
25  state or federal law, but not including claims for personal injury.

26          2.      "Released Parties" means General Mills, Inc. and Yoplait USA, Inc.,
27  including all of their respective predecessors, successors, assigns, parents, subsidiaries,
28  divisions, departments, and affiliates, and any and all of their past, present and future officers,

1     directors, employees, stock-holders, partners, agents, servants, successors, attorneys, insurers,

2     representatives, licensees, licensors, subrogees and assigns. It is expressly understood that, to

3     the extent a Released Party is not a Party to the Agreement, all such Released Parties are

4     intended third-party beneficiaries of the Agreement.

5         3.    "Releasing Parties" means Plaintiff and each and every Settlement Class

6     Member.

7       C.    On the Effective Date, each Releasing Party shall be deemed to have released

8     and forever discharged each of the Released Parties of and from any and all liability for any

9     and all Released Claims.

10       D.    With respect to any and all Released Claims, and upon the Effective Date

11     without further action, for good and valuable consideration, Plaintiff, on behalf of himself and

12     the Settlement Class and as the representative of the Settlement Class, shall expressly, and

13     Releasing Parties shall be deemed to, and by operation of the Final Judgment and Order

14     Approving Settlement shall, to the fullest extent permitted by law, fully, finally, and forever

15     expressly waive and relinquish with respect to the Released Claims, any and all provisions,

16     rights, and benefits of Section 1542 of the California Civil Code and any and all similar

17     provisions, rights, and benefits conferred by any law of any state or territory of the United

18     States or principle of common law that is similar, comparable, or equivalent to Section 1542 of

19     the California Civil Code, which provides:

20

21            **"A general release does not extend to claims which the creditor**
           **does not know or suspect to exist in his or her favor at the time**
           **of executing the release, which if known by him or her must**

22            **have materially affected his or her settlement with the debtor."**

23       E.    On the Effective Date, each of the Released Parties shall be deemed to have

24     released and forever discharged each of the Releasing Parties and their respective counsel,

25     including Plaintiffs' Counsel, for all claims arising out of or relating to the institution,

26     prosecution and resolution of the Action and Other Actions, except to enforce terms and

27     conditions contained in this Agreement.

28

F.     The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Parties and the Settlement Class Members to interpret and enforce the terms, conditions, and obligations under the Agreement.

**X.     ATTORNEYS' FEES AND EXPENSES AND PLAINTIFF SERVICE AWARDS**

A.     The award of attorneys' fees and expenses will be paid out of the Settlement Fund as set forth in Section IV.B above.  Class Counsel shall make, and General Mills agrees not to oppose, an application for an award of attorneys' fees not to exceed 30% of the Settlement Fund and for an award of out-of-pocket expenses reasonably incurred in the prosecution of the Action and the Other Actions, which shall be for attorneys' fees and out-of-pocket expenses in the Action and the Other Actions.  The application for an award of attorneys' fees and expenses will be made by Class Counsel on behalf of themselves and Other Plaintiffs' Counsel.  Class Counsel shall be responsible for allocating and distributing the attorneys' fees and expense award to Plaintiffs' Counsel.

B.     The attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Class Counsel within ten (10) calendar days after entry of the Final Judgment and Order Approving Settlement setting forth the amount awarded in attorneys' fees and expenses.  If the Final Judgment and Order Approving Settlement is reversed, vacated, modified, and/or remanded for further proceedings or otherwise disposed of in any manner other than one resulting in an affirmance of the Final Judgment and Order Approving Settlement, then Class Counsel and the Other Plaintiffs' Counsel shall, within 30 days of such event, repay to the Settlement Fund as applicable the full amount of the attorneys' fees and expenses or repay the amount by which the award as been reduced.

C.     General Mills agrees not to oppose an application for plaintiff service awards in the amount of one thousand five hundred dollars ($1,500) to Plaintiff and the Other Plaintiffs, each.  The service awards to these plaintiffs will be in addition to the other consideration to the Settlement Class Members as set forth in Section IV.A.2 above.

D.     The plaintiff service awards approved by the Court up to the amount identified above are in addition to the benefits that these plaintiffs are entitled to receive as Settlement

00055342

18
STIPULATION OF SETTLEMENT

No. 8:10-CV-00061-CJC(ANx)

1   Class Members and Authorized Claimants.

2   **XI.   FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT**

3   This Agreement is subject to and conditioned upon the issuance by the Court of the

4   Final Judgment and Order Approving Settlement that finally certifies the Settlement Class for

5   the purposes of this settlement, grants final approval of the Agreement, and provides the relief

6   specified herein, which relief shall be subject to the terms and conditions of the Agreement and

7   the Parties' performance of their continuing rights and obligations hereunder.  Such Final

8   Judgment and Order Approving Settlement shall be in substantially the form attached hereto as

9   Exhibit 1.

10  **XII.   REPRESENTATIONS AND WARRANTIES**

11  A.      General Mills represents and warrants:  (1) that it has the requisite corporate

12  power and authority to execute, deliver and perform the Agreement and to consummate the

13  transactions contemplated hereby; (2) that the execution, delivery and performance of the

14  Agreement and the consummation by it of the actions contemplated herein have been duly

15  authorized by necessary corporate action on the part of General Mills; and (3) that the

16  Agreement has been duly and validly executed and delivered by General Mills and constitutes

17  its legal, valid and binding obligation.

18  B.      Plaintiff represents and warrants that he is entering into the Agreement on

19  behalf of himself individually and as a proposed representative of the Settlement Class

20  Members, of his own free will and without the receipt of any consideration other than what is

21  provided in the Agreement or disclosed to, and authorized by, the Court.  Plaintiff represents

22  and warrants that he has reviewed the terms of the Agreement in consultation with Class

23  Counsel and believes them to be fair and reasonable, and covenant that he will not file a

24  Request for Exclusion from the Settlement Class or object to the Agreement.  Class Counsel

25  represent and warrant that they are fully authorized to execute the Agreement on behalf of

26  Plaintiff.

27  C.      The Parties warrant and represent that no promise, inducement or consideration

28  for the Agreement has been made, except those set forth herein.

## XIII.  NO ADMISSIONS, NO USE

The Agreement and every stipulation and term contained in it is conditioned upon final approval of the Court and is made for settlement purposes only.  Whether or not consummated, this Agreement shall not be:  (a) construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by Plaintiff, General Mills, any Settlement Class Member or Releasing or Released Party, of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing or otherwise of such Party; or (b) construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by Plaintiff, General Mills, any Releasing Party or Released Party in the Action or in any other civil, criminal or administrative action or proceeding other than such proceedings as may be necessary to effectuate the provisions of the Agreement.

## XIV.  TERMINATION OF THIS AGREEMENT

A.      Any Party may terminate this Agreement by providing written notice to the other Parties hereto within ten (10) days of any of the following events:

1.      The Court does not enter an order granting Preliminary Approval that conforms in material respects to Exhibit 7 hereof; or

2.      The Court does not enter a Final Judgment and Order Approving Settlement conforming in material respects to Exhibit 1, or if entered, such Final Judgment and Order Approving Settlement is reversed, vacated, or modified in any material respect by another court.

B.      In the event that this Agreement terminates for any reason, all Parties shall be restored to their respective positions as of immediately prior to the date of execution of this Agreement.  Upon termination, Sections XIII and XV.E. herein shall survive and be binding on the Parties, but this Agreement shall otherwise be null and void.  In that event, within five

1   (5) business days after written notification of such event is sent by General Mills' Counsel or

2   Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less

3   expenses and any costs which have been disbursed or are determined to be chargeable as

4   Notice and Claims Administration Expenses, shall be refunded by the Escrow Agent to

5   General Mills.  In such event, General Mills shall be entitled to any tax refund owing to the

6   Settlement Fund.  At the request of General Mills, the Escrow Agent or its designee shall

7   apply for any such refund and pay the proceeds, after deduction of any fees or expenses

8   incurred in connection with such application(s) for a refund, to General Mills.  In no event will

9   General Mills be entitled to recover any funds spent for Notice and Claims Administration

10  Expenses prior to termination of this Agreement.

11  **XV.    MISCELLANEOUS PROVISIONS**

12         A.    Entire Agreement:  The Agreement, including all Exhibits hereto, shall

13  constitute the entire Agreement among the Parties with regard to the Agreement and shall

14  supersede any previous agreements, representations, communications and understandings

15  among the Parties with respect to the subject matter of the Agreement.  The Agreement may

16  not be changed, modified, or amended except in a writing signed by one of Class Counsel and

17  one of General Mills' Counsel and, if required, approved by the Court.  The Parties

18  contemplate that the Exhibits to the Agreement may be modified by subsequent agreement of

19  General Mills and Class Counsel, or by the Court.

20         B.    Governing Law:  The Agreement shall be construed under and governed by the

21  laws of the State of California, applied without regard to laws applicable to choice of law.

22         C.    Execution in Counterparts:  The Agreement may be executed by the Parties in

23  one or more counterparts, each of which shall be deemed an original but all of which together

24  shall constitute one and the same instrument.  Facsimile signatures or signatures scanned to

25  PDF and sent by e-mail shall be treated as original signatures and shall be binding.

26

27         D.    Notices:  Whenever this Agreement requires or contemplates that one Party

28  shall or may give notice to the other, notice shall be provided in writing by first class US Mail

and email to:

    1.    If to Plaintiff or Class Counsel:

Cullin A. O'Brien, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
cobrien@rgrdlaw.com

    2.    If to General Mills or General Mills' Counsel:

Benjamin W. Hulse, Esq.
BLACKWELL BURKE P.A.
431 South 7th Street, Suite 2500
Minneapolis, MN 55415
Telephone: 612/343-3200
bhulse@blackwellburke.com

E.    Stay of Proceedings: Upon the execution of this Agreement, all discovery and other proceedings in the Action shall be stayed until further order of the Court, except for proceedings that may be necessary to implement the Agreement or comply with or effectuate the terms of this Settlement Agreement.

F.    Good Faith: The Parties agree that they will act in good faith and will not engage in any conduct that will or may frustrate the purpose of this Agreement. The Parties further agree, subject to Court approval as needed, to reasonable extensions of time to carry out any of the provisions of the Agreement.

G.    Protective Orders: All orders, agreements and designations regarding the confidentiality of documents and information ("Protective Orders") remain in effect, and all Parties and counsel remain bound to comply with the Protective Orders, including the provisions to certify the destruction of "Confidential" documents. Notwithstanding such provision in the Protective Order, General Mills' Counsel and Class Counsel may retain copies of all deposition transcripts and exhibits and all documents submitted to the Court, but those documents must be kept confidential to the extent they were designated as "Confidential," and will continue to be subject to the Protective Order.

H.    Binding on Successors: The Agreement shall be binding upon, and inure to the

1    benefit of, the heirs, and Released Parties.

2        I.    Arms-Length Negotiations:  The determination of the terms and conditions

3    contained herein and the drafting of the provisions of this Agreement has been by mutual

4    understanding after negotiation, with consideration by, and participation of, the Parties hereto

5    and their counsel.  This Agreement shall not be construed against any Party on the basis that

6    the Party was the drafter or participated in the drafting.  Any statute or rule of construction that

7    ambiguities are to be resolved against the drafting party shall not be employed in the

8    implementation of this Agreement and the Parties agree that the drafting of this Agreement has

9    been a mutual undertaking.

10        J.    Waiver:  The waiver by one Party of any provision or breach of the Agreement

11    shall not be deemed a waiver of any other provision or breach of the Agreement.

12        K.    Variance:  In the event of any variance between the terms of this Agreement

13    and any of the Exhibits hereto, the terms of this Agreement shall control and supersede the

14    Exhibit(s).

15        L.    Exhibits:  All Exhibits to this Agreement are material and integral parts hereof,

16    and are incorporated by reference as if fully rewritten herein.

17        M.    Taxes:  No opinion concerning the tax consequences of the Agreement to any

18    Settlement Class Member is given or will be given by General Mills, General Mills' Counsel,

19    Class Counsel, or Plaintiffs' Counsel; nor is any Party or their counsel providing any

20    representation or guarantee respecting the tax consequences of the Agreement as to any

21    Settlement Class Member.  Each Settlement Class Member is responsible for his/her tax

22    reporting and other obligations respecting the Agreement, if any.

23        N.    Implementation Before Effective Date:  The Parties may agree in writing to

24    implement the Agreement or any portion thereof after the entry of the Final Judgment and

25    Order Approving Settlement, but prior to the Effective Date.

26        O.    Modification in Writing:  This Agreement may be amended or modified only

27    by written instrument signed by one of Class Counsel and one of General Mills' Counsel.

28    Amendments and modifications may be made without additional notice to the Settlement Class

1   Members unless such notice is required by the Court.

2        P.     Integration: This Agreement represents the entire understanding and agreement

3 among the Parties and supersedes all prior proposals, negotiations, agreements, and

4 understandings related to the subject matter of this Agreement. The Parties acknowledge,

5 stipulate and agree that no covenant, obligation, condition, representation, warranty,

6 inducement, negotiation or undertaking concerning any part or all of the subject matter of this

7 Agreement has been made or relied upon except as set forth expressly herein.

8        Q.     Retain Jurisdiction: The Court shall retain jurisdiction with respect to the

9 implementation and enforcement of the terms of this Agreement, and all Parties hereto submit

10 to the jurisdiction of the Court for purposes of implementing and enforcing the Agreement

11 embodied in this Agreement.

12        IN WITNESS WHEREOF, each of the Parties hereto has caused the Agreement to be

13 executed on its behalf by its duly authorized counsel of record, all as of the day set forth

14 below.

15                 [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: February ⎟ , 2013

GENERALMILLS, INC.
YOPLAIT USA, INC.

By: _____
REBECCA L. O'GRADY

Title:  Vice President; President, Yoplait USA

[SIGNATURE PAGE ONLY – REMAINDER OF PAGE INTENTIONALLY BLANK]

Dated: February 1, 2013

BLACKWELL BURKE, P.A.
JERRY W. BLACKWELL
BENJAMIN W. HULSE

By: _____
BENJAMIN W. HULSE

431 South 7th Street, Suite 2500
Minneapolis, MN 55415
Telephone: 612/343-3200
612/343-3205 (fax)

Attorneys for Defendants General Mills, Inc. and
Yoplait USA, Inc.

Dated: February 1, 2013

ROBBINS GELLER RUDMAN
& DOWD LLP
CULLIN A. O'BRIEN
STUART A. DAVIDSON
MARK J. DEARMAN

By: _____
CULLIN A. O'BRIEN

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
X. JAY ALVAREZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Dated: February 1, 2013

BLOOD HURST & O'REARDON, LLP
THOMAS J. O'REARDON II

By: _____
THOMAS J. O'REARDON II

701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)

Rule 23(g) Appointed Counsel for Plaintiff and the
Class

Dated: February 1, 2013

BLACKWELL BURKE, P.A.
JERRY W. BLACKWELL
BENJAMIN W. HULSE

By: _____
          BENJAMIN W. HULSE

431 South 7th Street, Suite 2500
Minneapolis, MN 55415
Telephone: 612/343-3200
612/343-3205 (fax)

Attorneys for Defendants General Mills, Inc. and
Yoplait USA, Inc.

Dated: February 1, 2013

ROBBINS GELLER RUDMAN
  & DOWD LLP
CULLIN A. O'BRIEN
STUART A. DAVIDSON
MARK J. DEARMAN

By: _____
          CULLIN A. O'BRIEN

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
X. JAY ALVAREZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Dated: February 1, 2013

BLOOD HURST & O'REARDON, LLP
THOMAS J. O'REARDON II

By: _____
          THOMAS J. O'REARDON II

701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)

Rule 23(g) Appointed Counsel for Plaintiff and the
Class

Dated: February 1, 2013

BLACKWELL BURKE, P.A.
JERRY W. BLACKWELL
BENJAMIN W. HULSE

By: _____
             BENJAMIN W. HULSE

431 South 7th Street, Suite 2500
Minneapolis, MN 55415
Telephone: 612/343-3200
612/343-3205 (fax)

Attorneys for Defendants General Mills, Inc. and
Yoplait USA, Inc.

Dated: February 1, 2013

ROBBINS GELLER RUDMAN
  & DOWD LLP
CULLIN A. O'BRIEN
STUART A. DAVIDSON
MARK J. DEARMAN

By: _____
             CULLIN A. O'BRIEN

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
X. JAY ALVAREZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Dated: February 1, 2013

BLOOD HURST & O'REARDON, LLP
THOMAS J. O'REARDON II

By: _____
             THOMAS J. O'REARDON II

701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)

Rule 23(g) Appointed Counsel for Plaintiff and the
Class

**CERTIFICATE OF SERVICE**

I hereby certify that on February _4_, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

Executed on February _4_, 2013.

s/Cullin A. O'Brien

ROBBINS GELLER RUDMAN
& DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
cobrien@rgrdlaw.com

# EXHIBIT 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JEREMIAH JOHNSON, on Behalf of Himself and All Others Similarly Situated, | Case No.:    8:10-CV-00061-CJC(ANx) |
| Plaintiff, | CLASS ACTION |
| v. | **[PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT** |
| GENERAL MILLS, INC. and YOPLAIT USA, INC., | Judge:          Hon. Cormac J. Carney |
| Defendants. | Courtroom:   9B<br>Date Filed:   01/14/2010 |

[PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT

1   This matter came on for hearing on _____, 2013 at _____.  The Court has

2   considered the Stipulation of Settlement filed _____, 2013 ("Stipulation"), Dkt. No. ____,

3   oral and/or written objections and comments received regarding the proposed settlement, the

4   record in the action and the arguments and authorities of counsel.  Good cause appearing,

5   IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

6   1.    This Judgment incorporates by reference the definitions in the Stipulation, and

7   all terms used herein shall have the same meanings as set forth in the Stipulation unless set

8   forth differently herein.  The terms of the Stipulation are fully incorporated in this judgment as

9   if set forth fully here.

10  2.    The Court has jurisdiction over the subject matter of this action and all Parties

11  to the action, including all Class Members.

12  3.    The Court approves the settlement as set forth in the Stipulation and

13  finds that the settlement is in all respects fair, reasonable, adequate and just to the

14  Settlement Class Members.

15  4.    Pursuant to Federal Rules of Civil Procedure, Rule 23(c), the Court certifies the

16  following Settlement Class:

17      All persons who purchased YoPlus® branded products in the United States

18      from July 26, 2007 to July 5, 2012, inclusive.  Excluded from the Class are:  (i)

19      those who purchased for the YoPlus® branded products purpose of resale; (ii)

20      those with claims for personal injuries arising from the ingestion of one or more

21      YoPlus® branded products; (iii) Defendants and their officers, directors and

22      employees; (iv) any person who files a valid and timely Request for Exclusion;

23      and (v) the Judges to whom this Action and the Other Actions are assigned and

24      any members of their immediate families.

25  5.    Pursuant to Federal Rules of Civil Procedure, Rule 23(c)(3), all such Persons

26  who satisfy the Settlement Class definition above, except those Persons who timely and

27  validly excluded themselves from the Settlement Class, are Class Members bound by this

28  Order.

6. Pursuant to Federal Rules of Civil Procedure, Rule 23(a), the Court finds that the Plaintiff Jeremiah Johnson is a member of the Settlement Class, his claims are typical of the Settlement Class claims, and he fairly and adequately protected the interests of the Settlement Class throughout the proceedings in the Action. Accordingly, Jeremiah Johnson is properly appointed as the Class Representative.

7. The Settlement Class meets all requirements of Federal Rules of Civil Procedure, Rule 23(a) and (b)(3) for certification of the class claims alleged in the operative complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representative and Class Counsel; (e) predominance of common questions of fact and law; and (f) superiority.

8. Having considered the factors set forth in Federal Rules of Civil Procedure, Rule 23(g)(1), the Court finds that Class Counsel are properly appointed to represent the Settlement Class Members and they have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the settlement.

9. The list of Persons excluded from the Class because they filed valid requests for exclusion is attached hereto as Exhibit A. The Persons listed in Exhibit A are not bound by this Judgment or the terms of the Stipulation.

10. The Court directed that Class Notice be given to Settlement Class Members pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Settlement Administrator caused the Class Notice to be disseminated as ordered. The Class Notice advised Settlement Class Members of the terms of the settlement; of the Final Approval Hearing, and their right to appear at such hearing; of their rights to remain in, or opt out of, the Settlement Class and to object to the settlement; procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Settlement Class.

11. The distribution of the Class Notice constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rules of Civil

Procedure, Rule 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

12. Pursuant to Federal Rules of Civil Procedure, Rule 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other interested persons, that the settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Stipulation are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, Judge Stuart T. Waldrip (ret.) of Judicate West. Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

13. All Class Members who have not timely and validly filed opt-outs are thus Settlement Class Members who are bound by this Judgment and by the terms of the Stipulation.

14. The Stipulation and this Order are not admissions of liability or fault by defendants or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by defendants or the Released Parties. Neither this Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by defendants, the Released Parties, or any of them. Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to prohibit the use of this Judgment in a proceeding to consummate or enforce the Stipulation or Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

15. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class. Plaintiff initiated the Action, acted to protect the Settlement Class, and assisted his counsel. The efforts of Class Counsel have produced the Stipulation entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Settlement Class. Class Counsel have made application for an award of attorneys' fees and

expenses in connection with the prosecution of the Action on behalf of themselves and Other Plaintiffs' Counsel. The fee award requested is approximately 30% of the value of the Settlement Fund, plus a request for reimbursement of out-of-pocket expenses totaling $_____, which the Court finds to be a fair, reasonable and justified attorneys' fee and expense award under the circumstances. The Court hereby awards $_____ as attorneys' fees and $_____ in costs to be paid from the Settlement Fund. Class Counsel shall be responsible for distributing and allocating the attorneys' fees and expense award to Plaintiffs' Counsel in their sole discretion.

16. Plaintiff Johnson, and the Other Plaintiffs, who have agreed to the terms of the Stipulation, and whose claims will be finally and fully resolved by this Judgment, are each entitled to service awards in the amount of $_____.

17. Upon the Effective Date, and subject to fulfillment of all of the terms of this Agreement, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim against any Released Party in any court or any forum.

18. The Plaintiff and all Settlement Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. The Plaintiff and all Settlement Class Members nonetheless release all such Released Claims against the Released Parties. Further, as of the Effective Date, the Plaintiff and all Settlement Class Members shall be deemed to have waived any and all protections, rights and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction.

19. The Court hereby dismisses with prejudice the Action, and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others. Notwithstanding the foregoing, this Order does not dismiss any claims that have been or may be asserted in the future by any persons or entities who have validly and timely requested exclusion from the Settlement Class.

20.     Without affecting the finality of the Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Order, the Judgment and the Stipulation, and all matters ancillary thereto.

21.     The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b), the clerk is hereby directed to enter the Judgment forthwith.

22.     The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Stipulation, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the rights of Settlement Class Members under the Stipulation.

All other relief not expressly granted to the Settlement Class Members is denied.

IT IS SO ORDERED.


DATED: _____

THE HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT 2

## Johnson v. General Mills, Inc.
### PROOF OF CLAIM FORM

**You can also file online at: [www.YoPlusSettlement.com]**

**You must complete the required information below.**

You can receive a cash payment of $4 for each "unit" of YoPlus® branded yogurt purchased between July 26, 2007, and July 5, 2012. A YoPlus "unit" means a single package of YoPlus. Most commonly, a YoPlus unit will be a package with four individual containers of YoPlus.

No proof of purchase is necessary if you are submitting a claim for 13 units or less of YoPlus®. Simply complete this Claim Form and submit it by _____**.**

If submitting a claim for more than 13 units of YoPlus®, you must also sign the Affirmation below **and** send receipt(s) or other proof of purchase. You may submit the proof of purchase online at **www.YoPlusSettlement.com** with this completed Claim Form or you may mail it to the address below. Do NOT send original documents – send photocopies.

**All Claim Forms must be postmarked or submitted online by _____.**

If mailing, please return this form to:       YoPlus® Class Action Settlement Administrator
                                              [Address]
                                              [City, State]

### CLASS MEMBER INFORMATION

NAME: _____     TELEPHONE OR EMAIL:_____

ADDRESS:_____

CITY:_____     STATE:_____     ZIP CODE:_____

### PURCHASE INFORMATION

**Between July 26, 2007 and July 5, 2012, I purchased ___ units of YoPlus®.**

**NOTE: Send in proof of purchase if you are submitting a claim for more than 13 units of YoPlus®.**

You may elect to receive your payment by Automatic Clearing House ("ACH") or by check mailed to your address provided above.

To receive payment via ACH, please provide your bank account information for payment via ACH. (See graphic illustration at right. Please check with your financial institution for your routing number if you are unsure.)

Your bank routing number:_____

Your bank account number: _____

If you would prefer to be paid by check rather than ACH, omit your bank routing number and bank account and a check will be mailed to the address you provided above.

### Affirmation

UNDER PENALTY OF PERJURY, I AFFIRM THAT I PURCHASED YOPLUS® BRANDED YOGURT IN THE UNITED STATES.

SIGNATURE:_____     DATE:_____

**CLAIM FORMS MUST BE POSTMARKED OR SUBMITTED ONLINE BY [MONTH DAY, 2013]**
**QUESTIONS? CALL 1-800-xxx-xxxx OR VISIT [www.YoPlusSettlement.com]**

* For a full list of the YoPlus® branded products, see **[www.YoPlusSettlement.com]**

# EXHIBIT 3

## Claims Protocol

This Claims Protocol (the "Protocol") is part of the Stipulation of Settlement ("Agreement") and shall be used by the Settlement Administrator to review and process those Claims submitted pursuant to the Agreement and otherwise implement the terms of the claim review and administration process. All capitalized terms used in this Protocol shall have the same meaning given them in the Agreement.

1.  **Settlement Administrator's Role and Duties**

    (a)     The Settlement Administrator shall be selected by the agreement of the Parties and recommended to and approved by the Court.

    (b)     The Settlement Administrator must consent, in writing, to serve and shall abide by the obligations of the Agreement, this Protocol, and the Orders issued by the Court.

    (c)     The Settlement Administrator shall coordinate with the Escrow Agent regarding the funds in the escrow account. However, the Claim Administrator shall have no authority, under any circumstance, to withdraw or disburse any escrowed funds without the written instructions of Defendants and Class Counsel.

    (d)     The Settlement Administrator shall have access to information about the balance of the escrowed funds to perform calculations relating to (i) the costs and expenses associated with disseminating the Class Notice; (ii) the costs and expenses associated with claims administration; and (iii) the total amount due to authorized Claimants.

    (e)     The Settlement Administrator shall warrant that it knows of no reason why it cannot fairly and impartially administer the claim review process set forth in the Agreement. If the Settlement Administrator, Defendants, or Class Counsel learns of a conflict of interest as to a Claim, that party shall give written notice to the other parties, who shall resolve any such circumstances by further written agreement. Any unresolved dispute over such conflict of interest shall be submitted to the Court for resolution. The Settlement Administrator shall indemnify and defend the Parties and their counsel against any liability arising from the Settlement Administrator's breach of this provision.

    (f)     The Settlement Administrator shall keep a clear and careful record of all communications with Settlement Class Members, all claims decisions, all expenses, and all tasks performed in administering the notice and claim review processes.

    (g)     The Settlement Administrator shall provide periodic reports to Class Counsel and Defendants' counsel regarding Claim Form submissions beginning not later than one week before the Final Approval Hearing date and continuing on a weekly basis thereafter.

(h)     The actual cost of the Settlement Administrator shall be paid, from time to time, as determined by submitted and approved invoices, from the escrowed funds.

(i)     The Settlement Administrator shall take all reasonable efforts to administer the Claims efficiently and avoid unnecessary fees and expenses. The Settlement Administrator shall only be reimbursed for fees and expenses supported by detailed and clear timesheets and receipts for costs. As soon as work commences, the Settlement Administrator shall provide a detailed written accounting of all fees and expenses on a monthly basis to Class Counsel and Defendants' counsel, and shall respond promptly to inquiries by these counsel concerning fees and expenses.

(j)     The Parties are entitled to observe and monitor the performance of the Settlement Administrator to assure compliance with the Agreement and this Protocol. The Settlement Administrator shall promptly respond to all inquiries and requests for information made by Defendants or its counsel or Class Counsel.

**2.     Providing and Submitting Claim Forms**

(a)     The Claim Form, which is in substantially the form attached as Exhibit 2 to the Agreement, shall be available as part of the Class Notice, on the Settlement Website, or by contacting the Settlement Administrator. The Claim Form on the Settlement Website and the hard copy Claim Form shall be consistent in content.

(b)     The Settlement Administrator shall establish and maintain the Settlement Website, which shall be easily accessible through commonly used Internet Service Providers for the submission of claims. The Settlement Website shall be designed to permit Settlement Class Members to readily and easily submit Claims and obtain information about the Settlement Class Members' rights and options under the Agreement. The Settlement Website shall be maintained continuously until the Effective Date.

(c)     The Settlement Administrator also shall establish a toll-free telephone number that will have recorded information answering frequently asked questions about the Agreement, including, but not limited to, the instructions about how to request a Claim Form and/or Class Notice as well as an option to reach a live operator.

**3.     Claim Form Review and Processing**

(a)     Settlement Class Members may timely submit a Claim to the Settlement Administrator up to the Claims Deadline. Settlement Class Members shall be eligible for the relief provided in the Agreement, provided Class Members complete and timely submit the Claim Form to the Settlement Administrator by the Claim Deadline.

(b)     The Settlement Administrator shall complete the claim review process within the time period specified in Section V of the Agreement.

(c)    The Settlement Administrator shall gather and review the Claim Forms received pursuant to the Agreement, and fulfill valid claims.

    (i)    Settlement Class Members who submit timely and valid a Claim Form shall be designated as Authorized Claimants. The Settlement Administrator shall examine the Claim Form before designating the Settlement Class Member as an Authorized Claimant to determine that the information on the Claim Form is reasonably complete and contains sufficient information to enable the mailing of the settlement payment to the Settlement Class Member.

    (ii)    No Settlement Class Member may submit more than one Claim Form for each unit of YoPlus® purchased by the claimant. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member ("Duplicative Claim Forms"). The Settlement Administrator shall determine whether there is any duplication of Claims, if necessary by contacting the claimant(s) or their counsel. The Settlement Administrator shall designate any such Duplicative Claims as invalid claims to the extent they allege the same damages or allege damages on behalf of the same Settlement Class Member.

    (iii)    The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the claim process. The Settlement Administrator may, in its discretion, deny in whole or in part any claim to prevent actual or possible fraud or abuse.

    (iv)    By agreement of the Parties, the Parties can instruct the Settlement Administrator to take whatever steps they deem appropriate to preserve the Settlement Fund to further the purposes of the Agreement if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of Claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse.

    (v)    The Claims Administrator shall, in its discretion, following consultation and agreement with counsel, reasonable agreement not to be withheld, decide whether to accept Claim Forms submitted after the Claims Deadline.

(d)    The Settlement Administrator shall provide periodic reports to Class Counsel and Defendants' counsel regarding the implementation of the Agreement and this Protocol.

(e)    If a Claim Form cannot be processed without additional information, the Settlement Administrator shall promptly notify the Parties and mail a letter that advises the claimant of the additional information and/or documentation needed to

validate the claim. The claimant shall have thirty-five (35) days from the date of the postmarked letter sent by the Settlement Administrator to respond to the request from the Settlement Administrator and the claimant shall be so advised.

    (i)    In the event the claimant timely provides the requested information, the Claim shall be deemed validated and shall be processed for payment.

    (ii)    In the event the claimant does not timely provide the information, the Claim may be denied or reduced to the claim amount reasonably supported by the documentation without further communication with the claimant.

(f)    If a Claim is reduced or denied because the Settlement Administrator determined that the additional information and/or documentation was not sufficient to prove up the Claim, the Settlement Administrator shall provide a report to Class Counsel and Defendants' counsel who shall meet and confer in an attempt to resolve these Claims. If Class Counsel reasonably recommends payment of the Claim or payment of a reduced claim amount and Defendants agree (and Defendants' agreement shall not be unreasonably withheld), then the Settlement Administrator shall be instructed pay those Claims.

(g)    The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendants.

# EXHIBIT 4

## If You Purchased General Mills' YoPlus® Yogurt, You May Be Entitled To Settlement Benefits

*The United States District Court for the Central District of California authorized this notice.*
*This is not a solicitation from a lawyer.*

This Notice advises you of a proposed class action settlement. The settlement concerns alleged misrepresentations regarding YoPlus®-branded yogurt products. Your legal rights are affected whether you act or don't act. You should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | Get a cash payment. |
| EXCLUDE YOURSELF | Get out of the lawsuit. Get no settlement benefits. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| DO NOTHING | Get no cash refund. Give up your rights to separately sue. |

Your rights and options – **and the deadlines to exercise them** – are explained in this notice.

The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

Questions? Visit www.YoPlusSettlement.com or Call 1-800-xxx-xxxx
Do Not Forget to Return a Claim Form
Page - 1 -

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION .......................................................................................................................- 3 -

WHO IS IN THE SETTLEMENT ..........................................................................................................- 3 -

THE SETTLEMENT BENEFITS—WHAT YOU GET ..........................................................................- 3 -

THE LAWYERS REPRESENTING YOU ..............................................................................................- 4 -

EXCLUDING YOURSELF FROM THE SETTLEMENT .......................................................................- 5 -

OBJECTING TO THE SETTLEMENT ..................................................................................................- 5 -

THE FINAL APPROVAL HEARING ....................................................................................................- 6 -

IF YOU DO NOTHING ........................................................................................................................- 7 -

GETTING MORE INFORMATION ......................................................................................................- 7 -

# BASIC INFORMATION

| WHAT IS THIS LAWSUIT ABOUT? |
|---|

Plaintiff filed a class action lawsuit claiming that General Mills, Inc. and Yoplait USA, Inc. ("Defendants") engaged in deceptive and unfair conduct in violation of California laws by advertising that its YoPlus®-branded yogurt products provide digestive health benefits that plain yogurt does not provide. Defendants deny all allegations and are entering into this settlement to avoid burdensome and costly litigation. The settlement is not an admission of wrongdoing.

The Parties have agreed to settle the lawsuit on the terms explained in this notice.

| WHY IS THIS A CLASS ACTION? |
|---|

In a class action, one or more people, called Class Representatives (in this case Jeremiah Johnson), sue on behalf of people who have alleged similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who choose to exclude themselves from the Class. United States District Court Judge Cormac J. Carney is in charge of this class action.

| WHY IS THERE A SETTLEMENT? |
|---|

The Court did not decide in favor of Plaintiff or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and settlement benefits go to the Settlement Class Members. The Class Representative and the attorneys think the settlement is best for the Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you are eligible for benefits, you first have to determine whether you are a Settlement Class Member.

| WHO IS INCLUDED IN THE SETTLEMENT CLASS? |
|---|

You are a member of the Settlement Class if you purchased YoPlus® yogurt in the United States between July 26, 2007 and July 5, 2012, inclusive (the "Settlement Class Period").

## THE SETTLEMENT BENEFITS—WHAT YOU GET

| A CASH PAYMENT IF YOU SUBMIT A CLAIM |
|---|

Defendants have agreed to provide a total settlement fund of $8.5 million (the "Fund") in full settlement of the claims of the Settlement Class. The Fund will include notice and claim administration expenses, as well as Class Counsel's attorneys' fees and expenses and any service awards to the Class Representative and Other Plaintiffs (discussed below). The settlement distribution process will be administered by an independent settlement administrator ("Settlement Administrator") approved by the Court.

| WHAT CAN I GET FROM THE SETTLEMENT? |
|---|

For **each** YoPlus® Unit you purchased during the Settlement Class Period you may receive $4.

If you request an award for **13 YoPlus® Units or less**, no Proof of Purchase is necessary.

If you request an award of **more than 13** YoPlus® Units, you must provide Proof of Purchase.

A YoPlus® "Unit" means a single package of YoPlus®.  Most commonly, a YoPlus Unit will be a package with four individual containers of YoPlus®.

Any monies remaining in the Fund after paying valid claims and expenses, as well as attorneys' fees and expenses and service awards will be paid to National Consumer Law Center and the Mayo Clinic, or to some other similar non-profit organization or organizations as the Court determines.

### HOW CAN I GET A CASH PAYMENT?

To receive cash, you must complete and return a Claim Form **no later than _____, 2013.**  The Claim Form may be mailed or submitted electronically at **www.YoPlusSettlement.com**.

A Claim Form is included with this Notice.  Claim Forms are also available online at **www.YoPlusSettlement.com** or by calling 1.xxx.xxx.xxxx.

### WHEN WOULD I GET MY SETTLEMENT AWARD?

The Court will hold a hearing on **[date]** at **[time]**, to decide whether to approve the settlement.  The hearing date may be changed by the Court, and you should check **www.YoPlusSettlement.com** for any updates.  If Judge Carney approves the settlement, there may be appeals.  The appeal process can take time, perhaps more than a year.  Please be patient.

### IN RETURN FOR THESE SETTLEMENT BENEFITS, WHAT AM I GIVING UP?

If the Court approves the proposed settlement and you do not request to be excluded from the Class, you must release (give up) all claims concerning Defendants' alleged misrepresentation of the YoPlus®-branded products covered by this settlement, and the case will be dismissed on the merits and with prejudice.  **If you remain in the Class, you may not assert any of those claims in any other lawsuit or proceeding.  This includes any other lawsuit or proceeding already in progress.**  The judgment and orders entered in this case, whether favorable or unfavorable, will bind all Settlement Class Members who do not request to be excluded.

The full terms of the Release are contained in the Stipulation of Settlement that is available at **www.YoPlusSettlement.com**, or at the public court records on file in this action.

## THE LAWYERS REPRESENTING YOU

### DO I HAVE A LAWYER IN THIS CASE?

The Court appointed the law firms of Robbins Geller Rudman & Dowd LLP and Blood Hurst & O'Reardon, LLP to represent you and other Settlement Class Members.  These lawyers are called Class Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense and enter an appearance through your own counsel.

### HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court to award attorneys' fees not to exceed 30% of the Fund ($2.55 million), plus out-of-pocket expenses incurred. This amount will be paid from the Fund.

In addition, Class Counsel will ask the Court to award the Plaintiff in this Action (Jeremiah Johnson) and the Other Plaintiffs in the related Other Actions service awards totaling $6,000 for their time and effort acting as plaintiffs in the lawsuits.

Defendants have agreed to not to oppose these awards.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue defendants, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

### HOW DO I GET OUT OF THE SETTLEMENT?

If you do not wish to be included in the Class and receive a cash payment for your purchases of YoPlus®, you must send a letter stating that you want to be excluded from *Johnson v. General Mills, Inc.*, No. 8:10-cv-00061 (C.D. Cal). Be sure to include your name, address, telephone number, your signature, and a statement that you purchased one of the YoPlus® products covered by this settlement. You must mail your exclusion request post-marked no later than [**date**] to:

**Settlement Administrator**
**[address]**

You can't exclude yourself on the phone or by fax or e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. However, you will not be legally bound by anything that happens in this lawsuit and you will keep your right to separately pursue claims against the defendants relating to the subject matter of this lawsuit.

### IF I DON'T EXCLUDE MYSELF, CAN I SUE DEFENDANTS FOR THE SAME THING LATER?

No. Unless you exclude yourself, you give up the right to sue Defendants for the claims that this settlement resolves. You must exclude yourself from *this* Class to pursue your own lawsuit. Remember, your exclusion must be postmarked on or before [**date**].

### IF I EXCLUDE MYSELF, CAN I GET MONEY FROM THIS SETTLEMENT?

No. If you exclude yourself, you will not receive any money. Do not send in a Claim Form. But, you will not lose any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants about the legal issues in this case.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the settlement if you do not like any part of it and the

Court will consider your views.  To object, you must send a letter to the Court and the parties saying that you object to the settlement in *Johnson v. General Mills, Inc.*, No. 8:10-cv-00061 (C.D. Cal).  Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement.  You must also affirm under penalty of perjury that you are a Settlement Class Member or provide other proof of Settlement Class Membership.  If you are represented by counsel, be sure to include the name, address, and telephone number of that lawyer.

Your objection ***must be mailed to and actually received*** at these three different places no later than [**date**].  Send your objection to:

> Clerk of the Court
> United States District Court,
> Central District of California
> 411 West Fourth Street, Suite 1053
> Santa Ana, CA 92701-4516
>
> Cullin A. O'Brien
> Robbins Geller Rudman & Dowd LLP
> 120 East Palmetto Park Road, Suite 500
> Boca Raton, FL 33432
> Telephone: 561/750-3000
>
> Benjamin W. Hulse
> Blackwell Burke P.A.
> 431 South 7th Street, Suite 2500
> Minneapolis, MN 55415
> Telephone: 612/343-3200

## WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is telling the Court that you do not like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class or the lawsuit.  You cannot request exclusion **and** object to the settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.  Settlement Class Members who do exclude themselves may, if they wish, enter an appearance through their own counsel.

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend, and you may ask to speak, but you don't have to.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Final Approval Hearing at [**time**] on [**date**] at the in the Courtroom of the Honorable Cormac J. Carney, United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, CA 92701-4516.  The hearing date may be changed by the Court, and you should check **www.YoPlusSettlement.com** for any updates.  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  If there are objections, the Court will consider them.  Judge Carney will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve

the settlement.  The Court may also consider how much to award Class Counsel and the amount of the service awards for plaintiffs.  We do not know how long this decision will take.

| **DO I HAVE TO COME TO THE HEARING?** |
| --- |

No.  Class Counsel will answer questions Judge Carney may have.  But, you are welcome to come at your own expense.  If you submit an objection, you do not have to come to the Court to talk about it.  As long as you delivered your written objection on time, the Judge will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

| **MAY I SPEAK AT THE HEARING?** |
| --- |

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must file with the Court a "Notice of Intention to Appear."  Be sure to include your name, address, telephone number, and your signature.  You may also be required to provide proof that you are a Settlement Class Member.  Your Notice of Intention to Appear must be filed no later than [**date**], and must also be served on the Clerk of the Court, Class Counsel and Defense Counsel at the three addresses listed on page 5 above.  You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| **WHAT HAPPENS IF I DO NOTHING AT ALL?** |
| --- |

If you do nothing, you will be part of the Settlement Class.  You will not receive a cash payment from the settlement unless you file a valid and timely Claim Form.  You won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case.

## GETTING MORE INFORMATION

| **ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?** |
| --- |

The Stipulation of Settlement contains the complete terms.  You can get a copy of the Stipulation of Settlement at **www.YoPlusSettlement.com**, or by reviewing the records on file in court clerk's office.  The Claim Form and other information are also available at **www.YoPlusSettlement.com**.  Remember to return a Claim Form to participate in the settlement benefits.

### PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE.

|  |  |
| --- | --- |
|  | /s/ The Honorable Cormac J. Carney |
| DATED: _____ | UNITED STATES DISTRICT JUDGE |

# EXHIBIT 5

**LEGAL NOTICE**

# If You Purchased General Mills' YoPlus® Yogurt, You May Be Entitled To Settlement Benefits

### What Is This About?

A class action lawsuit about YoPlus®-branded yogurt products sold through July 5, 2012, has been settled. Consumers who bought the YoPlus® products may be entitled to a cash payment by submitting a claim. The lawsuit alleges the General Mills and Yoplait USA ("Defendants") falsely advertised the digestive health benefits of its YoPlus® yogurt products. The settlement is not an admission of wrongdoing. The Court has not decided who is right and who is wrong. Instead, the parties decided to settle the dispute.

To submit a claim, visit **www.YoPlusSettlement.com**.

### Am I a Member of the Class?

You're a Class Member if you purchased for personal, family or household purposes YoPlus®-branded yogurt in the United States between July 26, 2007 through July 5, 2012, inclusive.

### What Does the Settlement Provide?

Defendants have agreed to provide a settlement fund of $8.5 million in full settlement of the claims of the Settlement Class. Each Class Member who submits a valid claim may receive $4 for each YoPlus® unit purchased  A YoPlus® unit means a single package of YoPlus®. Most commonly, a package has four containers of YoPlus®. Claimants may receive cash for more than thirteen (13) units purchased with proof of purchase. Subject to Court approval, Defendants have agreed not to oppose a payment of plaintiff's attorneys' fees not to exceed $2.55 million plus expenses, as well as plaintiff service awards, from the $8.5 million fund. Any amounts remaining in the settlement fund will be paid to one or more non-profit organizations.

### What are My Options?

To ask for cash and remain in the Class, you must mail, fax, or submit online a completed Claim Form by _____, 2013. If you do not wish to participate in the settlement, you may exclude yourself from the Class by _____, 2013, or you may stay in the Class and object to the settlement by _____, 2013. Visit **www.YoPlusSettlement.com** for important information about these options.

### Hearing on the Proposed Settlement

The Court will hold a Final Approval Hearing on _____, 2013 at _____ (a.m./p.m.), to determine whether the proposed settlement is fair, reasonable, and adequate, to approve attorneys' fees and expenses, and any service awards for the plaintiffs. The hearing date may be changed by the Court, and you should check **www.YoPlusSettlement.com** for updates. The Final Approval Hearing will take place at U.S. District Court, Central District of California, 411 West Fourth Street, Santa Ana, CA 92701. You do not have to attend the hearing.

To get additional information, including a copy of the detailed Notice and Claim Form, visit **www.YoPlusSettlement.com** or call 1-800-xxx-xxxx.

# EXHIBIT 6



**YoPlus National Notice Plan**

| Target* | Average Reach | Average Frequency |
|---|---|---|
| Women 18-54 years old who buy yogurt | 78% | 2.5 |
| Adults 18 years old and older who buy yogurt | 70% | 2.3 |

**Program Parameters**
Geography: National

Earliest Notice Start Date: 1 week from approval
Estimated Program Duration: 6-7 weeks
Estimated English Summary Notice Word Count: Up to 445

**Magazines**

| Title | Circulation | Frequency | Approximate Unit Size | Insertions |
|---|---|---|---|---|
| *People* | 3,563,035 | Weekly | 1/3 Page | 2 |
| *USA Weekend* | 22,250,000 | Weekly | Digest | 1 |
| **Total:** | **25,813,035** | | | **3** |

**Internet**
*Estimated Impressions*    **238,000,000**

| Website | URL | Duration | Unit Size |
|---|---|---|---|
| Yahoo RON** | www.yahoo.com | 6 weeks | 728 x 90 |
| Real Media Group Network** | Various | 6 weeks | 728 x 90 |
| Facebook | www.facebook.com | 6 weeks | Custom |
| MSN RON | www.msn.com | 6 weeks | 728 x 90 |
| Conde Nast Online Network** | Various | 6 weeks | 728 x 90 |
| Online National Network Buy | Various | 6 weeks | 728 x 90 |

Network buy rotating among over 375 local newspaper and television websites.

**Media and Social Media Outreach**

National Press Release of 1,000 words over PR Newswire's National US1 and Hispanic newslines. In addition:
  - A 100 character social networking post to a variety of PR Newswire's social network presences
    including Twitter, LinkedIn and Facebook.

Blog release to over 700 blogs covering parenting, nutrition, health/safety and consumer topics such as urbanMamas and With Our Best.

# EXHIBIT 7

1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JEREMIAH JOHNSON, on Behalf of Himself and All Others Similarly Situated, | Case No.: 8:10-CV-00061-CJC(ANx) |
| Plaintiff, | CLASS ACTION |
| v. | **[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |
| GENERAL MILLS, INC. and YOPLAIT USA, INC., | |
| Defendants. | Judge: Hon. Cormac J. Carney<br>Courtroom: 9B<br>Date Filed: 01/14/2010 |

19

20

21

22

23

24

25

26

27

28

WHEREAS, Plaintiff Jeremiah Johnson in this action entitled *Johnson v. General Mills, Inc.*, No. 8:10-cv-00061 and Defendants General Mills, Inc. and Yoplait USA, Inc. have entered into a Stipulation of Settlement ("Stipulation"), filed _____, 2013, after substantial discovery and lengthy arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits, and the record in this Action;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rules of Civil Procedure, Rule 23(e), for an order preliminarily approving the settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

AND, WHEREAS, the Court has reviewed the Parties' application and the supporting memorandum for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**The Settlement Class Is Preliminarily Certified**

1.      If not otherwise defined herein, all capitalized terms have the same meanings as set forth in the Stipulation of Settlement.

2.      Pursuant to Federal Rules of Civil Procedure, Rule 23(c), the Court certifies the following Settlement Class:

All persons who purchased YoPlus® branded products in the United States

from July 26, 2007 to July 5, 2012, inclusive.

3.      Excluded from the Settlement Class are:  (i) those who purchased for the YoPlus® branded products purpose of resale; (ii) those with claims for personal injuries arising from the ingestion of one or more YoPlus® branded products; (iii) Defendants and their officers, directors and employees; (iv) any person who files a valid and timely Request for Exclusion; and (v) the Judges to whom this Action and the Other Actions are assigned and any members of their immediate families.

4.     The Settlement Class meets all requirements of Federal Rules of Civil Procedure, Rule 23(a) and (b)(3) for certification of the class claims alleged in the operative complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representative and Class Counsel; (e) predominance of common questions of fact and law Class; and (f) superiority.  *See also* Court's Order Granting Plaintiff's Motion for Class Certification (Dkt. No. 115).

5.     Class Counsel and the Class Representative are found to be adequate representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Court appoints Jeremiah Johnson as the Class Representative of the Class. The Court also designates Cullin A. O'Brien of Robbins Geller Rudman & Dowd LLP, and Thomas J. O'Reardon II of Blood Hurst & O'Reardon, LLP, whom the Court finds are experienced and adequate counsel having considered the factors set forth in Rule 23(g)(1), as Class Counsel.  *See also* Court's Order Granting Plaintiff's Motion for Class Certification (Dkt. No. 115).

**The Stipulation Is Preliminarily Approved and Final Approval Schedule Set**

6.     The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

7.     The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

8.     Pursuant to of the Federal Rules of Civil Procedure, Rule 23(e) the Court will hold a final approval hearing on _____, 2013, at _____ a.m./p.m., in the Courtroom of the Honorable Cormac J. Carney, United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, CA 92701-4516, for the following purposes:

1.      determining whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

2.      considering the application of Class Counsel for an award of attorneys' fees and expenses as provided for under the Stipulation;

3.      considering the application for service awards to the Plaintiff and the Other Plaintiffs as provided for under the Stipulation;

4.      considering whether the Court should enter the [Proposed] Final Judgment and Order Approving Settlement;

5.      whether the release by the Settlement Class Members of the Released Claims as set forth in the Stipulation should be provided; and

6.      ruling upon such other matters as the Court may deem just and appropriate.

9.      The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to the Settlement Class Members.

10.     Any Settlement Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel. All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

11.     The Parties may further modify the Stipulation prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

12.     Opening papers in support of final approval of the Stipulation and any application for attorneys' fees and expenses and/or plaintiff service awards must be filed with the Court and served at least 45 days prior to the Final Approval Hearing. Reply papers, if any, must be filed and served at least 7 days prior to the Final Approval Hearing.

**The Court Approves the Form and Method of Class Notice**

13.   The Court approves, as to form and content, the proposed Long-form Notice and Publication Notice (collectively the "Class Notice"), which are Exhibits 4 and 5, respectively, to the Stipulation of Settlement on file with this Court.

14.   The Court finds that the distribution of Class Notice substantially in the manner and form set forth in this Order and the Stipulation of Settlement meet the requirements of Federal Rules of Civil Procedure, Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

15.   The Court approves the designation of Garden City Group, Inc. to serve as the Court-appointed Settlement Administrator for the settlement.  The Settlement Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Settlement Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

16.   The Court directs the Settlement Administrator to establish a Settlement Website, making available copies of this Order, the Class Notice, Claim Forms that may be downloaded and submitted online or by mail, the Stipulation and all exhibits thereto, and such other information as may be of assistance to Settlement Class Members or required under the Stipulation.

17.   The Settlement Administrator is ordered to substantially complete dissemination of the Class Notice no later than 60 days after the Court enters this Preliminary Approval Order.

18.   The costs of the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Claims Administrator and Class Notice expenses shall be paid out of the Settlement Fund in accordance with the applicable provisions of the Stipulation.

**Procedure for Settlement Class Members to Participate In the Settlement**

19.     Settlement Class Members who wish to claim a settlement award must submit their Claim Form and supporting documentation no later than 60 days after the date first set by the Court for the Final Approval Hearing.  Such deadline may be further extended without notice to the Settlement Class by Court order, by agreement between the Parties, or as set forth in the Stipulation.

**Procedure for Requesting Exclusion from the Class**

20.     Any Person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class.  Any such Person must submit a request for exclusion to the Settlement Administrator postmarked or delivered no later than 30 days before the date first set for the Final Approval Hearing (the "Opt-Out Date"), as set forth in the Class Notice.  Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

21.     Any Settlement Class Member who does not send a signed request for exclusion postmarked or delivered on or before the Opt-Out Date will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the settlement, if finally approved by the Court.  The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the Person desires to be excluded from the Settlement Class.  All Persons who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

22.     A list reflecting all requests for exclusions shall be filed with the Court by Defendants at or before the Final Approval Hearing.

**Procedure for Objecting To the Settlement**

23.     Any Settlement Class Member who desires to object to the proposed settlement, including the requested attorneys' fees and expenses or service awards to the Plaintiff and Other Plaintiffs must timely file with the Clerk of this Court a notice of the objection(s),

together with all papers that the Settlement Class Member desires to submit to the Court no later than 30 days before the date first set for the Final Approval Hearing (the "Objection Date"). The objection must also be served on Class Counsel and Defendants' counsel no later than the Objection Date. The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Date provided in the Class Notice, by the Clerk of the Court and by Class Counsel and Defendants' counsel. In addition to the filing with this Court, such papers must be sent to each of the following persons:

Cullin A. O'Brien                            Benjamin W. Hulse
Robbins Geller Rudman & Dowd LLP             Blackwell Burke P.A.
120 East Palmetto Park Road, Suite 500       431 South 7th Street, Suite 2500
Boca Raton, FL 33432                         Minneapolis, MN 55415
Telephone: 561/750-3000                      Telephone: 612/343-3200

24.     The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel; (c) a statement that the objector purchased YoPlus during the class period; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; and (g) the objector's signature.

25.     Any Settlement Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including attorneys' fees. Settlement Class Members or their attorneys who intend to make an appearance at the Final Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Notice and to Defendants' counsel, and file the notice of appearance with the Court, no later than twenty (20) days before the Final Approval Hearing.

26.     Any Settlement Class Member who fails to comply with the provisions of the preceding paragraph shall waive and forfeit any and all rights he or she may have to appear

1  separately and/or to object, and shall be bound by all the terms of the Agreement and by all

2  proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

3      27.    Counsel for the Parties are hereby authorized to utilize all reasonable

4  procedures in connection with the administration of the settlement which are not materially

5  inconsistent with either this Order or the terms of the Stipulation.

6

7      IT IS SO ORDERED.

8

9  DATED:  _____        _____

10                                         THE HONORABLE CORMAC J. CARNEY
                                           UNITED STATES DISTRICT COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JEREMIAH JOHNSON, on Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>GENERAL MILLS, INC. and YOPLAIT USA, INC.,<br><br>        Defendants. | Case No.:    8:10-CV-00061-CJC(ANx)<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**<br><br>Judge:        Hon. Cormac J. Carney<br>Courtroom:   9B<br>Date Filed:   01/14/2010 |

19

20

21

22

23

24

25

26

27

28

WHEREAS, Plaintiff Jeremiah Johnson in this action entitled *Johnson v. General Mills, Inc.*, No. 8:10-cv-00061 and Defendants General Mills, Inc. and Yoplait USA, Inc. have entered into a Stipulation of Settlement ("Stipulation"), filed _____, 2013, after substantial discovery and lengthy arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits, and the record in this Action;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rules of Civil Procedure, Rule 23(e), for an order preliminarily approving the settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

AND, WHEREAS, the Court has reviewed the Parties' application and the supporting memorandum for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**The Settlement Class Is Preliminarily Certified**

1.     If not otherwise defined herein, all capitalized terms have the same meanings as set forth in the Stipulation of Settlement.

2.     Pursuant to Federal Rules of Civil Procedure, Rule 23(c),  the Court certifies the following Settlement Class:

All persons who purchased YoPlus® branded products in the United States from July 26, 2007 to July 5, 2012, inclusive.

3.     Excluded from the Settlement Class are:  (i) those who purchased for the YoPlus® branded products purpose of resale; (ii) those with claims for personal injuries arising from the ingestion of one or more YoPlus® branded products; (iii) Defendants and their officers, directors and employees; (iv) any person who files a valid and timely Request for Exclusion; and (v) the Judges to whom this Action and the Other Actions are assigned and any members of their immediate families.

4.     The Settlement Class meets all requirements of Federal Rules of Civil Procedure, Rule 23(a) and (b)(3) for certification of the class claims alleged in the operative complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representative and Class Counsel; (e) predominance of common questions of fact and law Class; and (f) superiority. *See also* Court's Order Granting Plaintiff's Motion for Class Certification (Dkt. No. 115).

5.     Class Counsel and the Class Representative are found to be adequate representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Court appoints Jeremiah Johnson as the Class Representative of the Class. The Court also designates Cullin A. O'Brien of Robbins Geller Rudman & Dowd LLP, and Thomas J. O'Reardon II of Blood Hurst & O'Reardon, LLP, whom the Court finds are experienced and adequate counsel having considered the factors set forth in Rule 23(g)(1), as Class Counsel.  *See also* Court's Order Granting Plaintiff's Motion for Class Certification (Dkt. No. 115).

**The Stipulation Is Preliminarily Approved and Final Approval Schedule Set**

6.     The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

7.     The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

8.     Pursuant to of the Federal Rules of Civil Procedure, Rule 23(e) the Court will hold a final approval hearing on _____, 2013, at _____ a.m./p.m., in the Courtroom of the Honorable Cormac J. Carney, United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, CA 92701-4516, for the following purposes:

1        1.     determining whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

        2.     considering the application of Class Counsel for an award of attorneys' fees and expenses as provided for under the Stipulation;

        3.     considering the application for service awards to the Plaintiff and the Other Plaintiffs as provided for under the Stipulation;

        4.     considering whether the Court should enter the [Proposed] Final Judgment and Order Approving Settlement;

        5.     whether the release by the Settlement Class Members of the Released Claims as set forth in the Stipulation should be provided; and

        6.     ruling upon such other matters as the Court may deem just and appropriate.

    9.     The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to the Settlement Class Members.

    10.     Any Settlement Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel. All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

    11.     The Parties may further modify the Stipulation prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

    12.     Opening papers in support of final approval of the Stipulation and any application for attorneys' fees and expenses and/or plaintiff service awards must be filed with the Court and served at least 45 days prior to the Final Approval Hearing. Reply papers, if any, must be filed and served at least 7 days prior to the Final Approval Hearing.

**The Court Approves the Form and Method of Class Notice**

13.     The Court approves, as to form and content, the proposed Long-form Notice and Publication Notice (collectively the "Class Notice"), which are Exhibits 4 and 5, respectively, to the Stipulation of Settlement on file with this Court.

14.     The Court finds that the distribution of Class Notice substantially in the manner and form set forth in this Order and the Stipulation of Settlement meet the requirements of Federal Rules of Civil Procedure, Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

15.     The Court approves the designation of Garden City Group, Inc. to serve as the Court-appointed Settlement Administrator for the settlement.  The Settlement Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Settlement Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

16.     The Court directs the Settlement Administrator to establish a Settlement Website, making available copies of this Order, the Class Notice, Claim Forms that may be downloaded and submitted online or by mail, the Stipulation and all exhibits thereto, and such other information as may be of assistance to Settlement Class Members or required under the Stipulation.

17.     The Settlement Administrator is ordered to substantially complete dissemination of the Class Notice no later than 60 days after the Court enters this Preliminary Approval Order.

18.     The costs of the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Claims Administrator and Class Notice expenses shall be paid out of the Settlement Fund in accordance with the applicable provisions of the Stipulation.

**Procedure for Settlement Class Members to Participate In the Settlement**

19.    Settlement Class Members who wish to claim a settlement award must submit their Claim Form and supporting documentation no later than 60 days after the date first set by the Court for the Final Approval Hearing.  Such deadline may be further extended without notice to the Settlement Class by Court order, by agreement between the Parties, or as set forth in the Stipulation.

**Procedure for Requesting Exclusion from the Class**

20.    Any Person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class.  Any such Person must submit a request for exclusion to the Settlement Administrator postmarked or delivered no later than 30 days before the date first set for the Final Approval Hearing (the "Opt-Out Date"), as set forth in the Class Notice.  Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

21.    Any Settlement Class Member who does not send a signed request for exclusion postmarked or delivered on or before the Opt-Out Date will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the settlement, if finally approved by the Court.  The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the Person desires to be excluded from the Settlement Class.  All Persons who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

22.    A list reflecting all requests for exclusions shall be filed with the Court by Defendants at or before the Final Approval Hearing.

**Procedure for Objecting To the Settlement**

23.    Any Settlement Class Member who desires to object to the proposed settlement, including the requested attorneys' fees and expenses or service awards to the Plaintiff and Other Plaintiffs must timely file with the Clerk of this Court a notice of the objection(s),

together with all papers that the Settlement Class Member desires to submit to the Court no later than 30 days before the date first set for the Final Approval Hearing (the "Objection Date"). The objection must also be served on Class Counsel and Defendants' counsel no later than the Objection Date. The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Date provided in the Class Notice, by the Clerk of the Court and by Class Counsel and Defendants' counsel. In addition to the filing with this Court, such papers must be sent to each of the following persons:

Cullin A. O'Brien
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000

Benjamin W. Hulse
Blackwell Burke P.A.
431 South 7th Street, Suite 2500
Minneapolis, MN 55415
Telephone: 612/343-3200

24. The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel; (c) a statement that the objector purchased YoPlus during the class period; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; and (g) the objector's signature.

25. Any Settlement Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including attorneys' fees. Settlement Class Members or their attorneys who intend to make an appearance at the Final Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Notice and to Defendants' counsel, and file the notice of appearance with the Court, no later than twenty (20) days before the Final Approval Hearing.

26. Any Settlement Class Member who fails to comply with the provisions of the preceding paragraph shall waive and forfeit any and all rights he or she may have to appear

1    separately and/or to object, and shall be bound by all the terms of the Agreement and by all

2    proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

3         27.    Counsel for the Parties are hereby authorized to utilize all reasonable

4    procedures in connection with the administration of the settlement which are not materially

5    inconsistent with either this Order or the terms of the Stipulation.

6

7         IT IS SO ORDERED.

8

9    DATED:    _____        _____

10                                             THE HONORABLE CORMAC J. CARNEY
                                               UNITED STATES DISTRICT COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28